UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDA BERNAL,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 14-02284-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 4, 2014, Lynda Bernal ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on November 14, 2014. On March 7, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 50 year-old female who applied for Supplemental Security Income benefits on May 26, 2010, alleging disability beginning October 1, 2007. (AR 29.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 26, 2010, the application date. (AR 31.)

Plaintiff's claim was denied initially on November 17, 2010. (AR 29.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Robert S. Eisman on January 19, 2012, in Downey, California.[1] (AR 29.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 29.) Medical expert ("ME") Steven B. Gerber, M.D., and vocational expert ("VE") Randi A. Langford-Hetrick appeared and testified at the hearing. (AR 29.) Plaintiff's aunt, Gloria Cardenaz, also appeared and testified at the hearing. (AR 29.)

The ALJ issued an unfavorable decision on February 22, 2012. (AR 29-45.) The Appeals Council denied review on January 23, 2014. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether evidence supports the ALJ's attack on Plaintiff's credibility.
2. Whether the ALJ abused his discretion by determining alcoholism was material to Plaintiff's ongoing disability.
3. Whether the ALJ gave the treating physician's opinion the proper weight per the regulations.
4. Whether the ALJ properly evaluated Plaintiff's subjective complaints.
5. Whether vocational hypotheticals were biased against Plaintiff.

---

[1] A hearing was scheduled in Downey, California, on October 27, 2011. However, on October 7, 2011, Plaintiff's representative requested a postponement of the hearing. The ALJ granted the representative's request and an amended notice of hearing was sent to Plaintiff and her representative for a hearing on January 19, 2012. (AR 29.)

2

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

  If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since May 26, 2010, the application date. (AR 31.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: obesity, systemic lupus erythematosus, a history of gastrointestinal hemorrhage, atypical chest pain, thrombocytopenia, and (alcoholic) liver cirrhosis. (AR 31-33.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 33.)

The ALJ then found that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> Claimant can exert up to 10 pounds of force occasionally and/or exert a negligible amount of force frequently to move objects, including the human body. Claimant can stand and walk up to 2 hours and sit up to 6 hours in an 8-hour workday with normal breaks. She can perform work that does not require climbing ladders, ropes or scaffolds, and no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching or crawling. Claimant can perform work that does not require concentrated exposure to environmental respiratory irritants, or any exposure to extreme cold, extreme heat, unprotected sunlight, and hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions.

(AR 33-43.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 35.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 43.) The ALJ, however, also found that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of order clerk, telephone quotation clerk and assembler final. (AR 43-44.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 44-45.)

## DISCUSSION

### I. THE ALJ PROPERLY EVALUATED THE MEDICAL EVIDENCE

Plaintiff challenges the ALJ's RFC, contending that the ALJ improperly discounted her treating physician's opinion. The Court finds no merit to Plaintiff's argument.

#### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician,

6

the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Plaintiff alleges disability due to lupus, hepatitis, and congestive heart failure. (AR 35.) Additionally, treatment records before and after the May 26, 2010 application date indicate the presence of alcoholic liver disease, hepatitis C, a history of lupus, hyperthyroidism, and mild degenerative joint disease of the left knee. (AR 71.) Nonetheless, the ALJ assessed a sedentary RFC with limitations. (AR 33-34.)

No physician — treating, examining or non-examining — assessed RFC limitations that would preclude all work. On October 12, 2010, consulting internist Dr. Rocely Ella-Tamayo reported that Claimant is obese but in no acute distress, with range of motion of the neck, back, upper extremities, and lower extremities within normal limits. (AR 42, 295-300.) Motor strength was 5/5. (AR 299.) Dr. Tamayo diagnosed lupus and a history of hepatitis C. (AR 299.) She assessed Plaintiff with a light work RFC. (AR 299.) On November 12, 2010, State agency reviewer Dr. Walter Bell also assessed Plaintiff with a light work RFC. (AR 42-43, 316-323.)

Medical expert Dr. Stephen Gerber testified at Claimant's January 19, 2012 hearing. (AR 29, 41-42, 71-77.) Dr. Gerber reported that Plaintiff's hepatitis C is inactive. (AR 71.) He also testified that he found no documentation of lupus. (AR 42, 72.) He indicated hyperthyroidism was not an issue. (AR 73-74.) Dr. Gerber found noteworthy that there was marked improvement in liver functioning with reduction in alcohol intake. (AR 42, 74.) Under questioning by Plaintiff's counsel, Dr. Gerber testified that there was no evidence of congestive heart failure and no objective evidence of a physical cause requiring opiate medication. (AR 76-77.) He assessed a sedentary work RFC. (AR 42, 72-73.) The ALJ noted there were no treating source assessments reflecting greater limitations. (AR 42.)

Based on the above medical opinions and the treatment records, the ALJ found that, for Claimant's alleged hyperthyroidism history of pneumonia, hepatitis C, and hypertension, there is no objective evidence that these conditions were active, not controlled by medication, or that these physical impairments could not be controlled with medication. (AR 31.) The ALJ also found that Plaintiff's mood disorder was nonsevere. (AR 31-32.) The ALJ specifically noted he considered Plaintiff's nonsevere mood disorder impairment in his RFC assessment. (AR 32.) The ALJ further found that, lacking any objective evidence, Claimant did not have the medically determinable impairments of congestive heart failure or fibromyalgia. (AR 33.) Although Plaintiff claimed a lupus flareup, her treating physicians did not agree because her C-reactive protein was normal, indicating no inflammation. (AR 38.) Plaintiff also claimed numerous hospitalizations due to lupus (AR 35), but the ALJ found that, according to treatment records, these hospitalizations primarily related to her liver and musculoskeletal conditions. (AR 40.)

Thus, the ALJ's sedentary RFC is supported by substantial medical evidence. Plaintiff relies on findings of impairments in the treatment records to claim disability, but a medical condition alone does not establish that the condition is disabling. Sample v. Schweiker, 649 F.2d 639, 642-43 (9th Cir. 1982) (impairment alone is not disabling). Plaintiff also complains that the ALJ gave more weight to the consulting and reviewing physicians than Claimant's treating physicians but no treating physician assessed any limitations and Plaintiff does not

even identify which treating physician the ALJ purportedly undervalued. Plaintiff cites AR 1778-83 and 1974 and 1975 but these records do not establish any limitations.

Plaintiff also cites 20 C.F.R. § 404.1598, which allows for continuing disability based on a prior finding of disability. The record, however, does not indicate any prior findings of disability before the adjudication period here beginning May 26, 2010. Plaintiff is not eligible for benefits before that date, despite her alleged earlier onset date of October 1, 2007. (AR 36-37.)

The ALJ properly considered the objective medical evidence in evaluating and assessing Claimant's RFC, including the medical treatment records of Plaintiff's treating physicians.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff contends that the ALJ improperly discounted Plaintiff's subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what

testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 35.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC. (AR 35.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008.) The ALJ did so.

First, the ALJ found that the objective medical evidence does not support Plaintiff's extreme allegations alleged but does support the RFC assessed by the ALJ. (AR 35, 39-41, 42.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 409 F.3d 676, 680-81 (9th Cir. 2005). The ALJ found that the lack of objective medical support for Claimant's allegations of congestive heart failure and fibromyalgia suggested Claimant was consciously portraying impairments that do not actually exist in order to obtain benefits. (AR 39.) Also, as noted above, no treating physician assessed disabling limitations. Dr. Tamayo, Dr. Bell and Dr. Gerber all assessed sedentary to light RFC assessments that would not preclude all work. Additionally, treatment records do not document disabling limitations. (AR 35, 39, 41, 43.)

Second, the ALJ found that the record establishes that treatment has been generally successful. (AR 40.) Plaintiff, for example, experienced improvement in liver functioning when she abstained from alcohol. (AR 40.) Impairments that can be controlled effectively with treatment are not disabling. See Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairment effectively treated with medication not disabling).

Third, the ALJ found significant noncompliance by Plaintiff with medical advice, including her medications. (AR 40-41.) The ALJ documented that Claimant did not quit drinking alcohol, failed to take her thyroid medication, and had numerous no-shows for medical appointments. (AR 40.) The ALJ found that Plaintiff's failure to follow prescribed treatment and noncompliance with prescribed medications are inconsistent with disabling limitations, undermine Plaintiff's credibility, and suggests that Plaintiff's impairments are not as limiting as alleged. (AR 40-41.) See Tommasetti, 533 F.3d at 1039 (ALJ may consider unexplained or inadequately explained failure to seek treatment or to follow a prescribed course treatment in evaluating credibility).

Fourth, the ALJ found that Plaintiff's inconsistent statements about her use of alcohol cast further doubt on her credibility. (AR 40-41.) Claimant also claimed to have been prescribed a wheelchair but in disability reports indicated otherwise. (AR 35.) An ALJ may consider inconsistencies between a claimant's statements regarding her subjective symptoms and her other statements and conduct. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59.

Plaintiff disputes the ALJ's adverse credibility finding but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

### III. THE ALJ DID NOT DETERMINE THAT ALCOHOLISM WAS MATERIAL TO DISABILITY

Plaintiff asserts that the ALJ erred by not discussing "the materiality of the alleged alcoholism" with the medical expert or in the written decision, based on 20 C.F.R. § 416.214. That regulation, however, only applies where "you are disabled and drug addiction is a contributing factor material to the determination of disability." Thus, a materiality discussion is

only appropriate if the ALJ finds a claimant is disabled and there is medical evidence of a substance use disorder. See 20 C.F.R. § 416.935(a). An otherwise disabled individual is not entitled to benefits if alcohol is a material contributing factor to the determination of disability. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).

The ALJ in this case made no finding of disability, nor is there any continuing disability as noted above. Nor did the ALJ make any finding that Plaintiff's alcohol use was "material" to the determination of disability. Quite to the contrary, the ALJ made a finding that, although Plaintiff has the impairment of alcoholic liver cirrhosis (AR 31), the impairment was not disabling and Plaintiff experienced significant improvement in liver functioning when she abstained from alcohol. (AR 40.)

The ALJ found that Plaintiff made inconsistent statements about her alcohol use, which undermined her credibility (AR 40-41), but this finding in no way implicates 20 C.F.R. § 416.214 as there was no finding of disability or that alcoholism was a material contributing factor to a determination of disability. To the extent Plaintiff is challenging the ALJ's credibility determination regarding inconsistent statements about alcohol use, Plaintiff merely disagrees with the ALJ's interpretation of the evidence. Even if the ALJ's finding was erroneous, moreover, it would be harmless error as there were other sufficient grounds to support the ALJ's adverse credibility finding. Tommasetti, 533 F.3d at 1038 (error is harmless when inconsequential to the ultimate disability determination).

The ALJ made no finding of disability and no finding that alcoholism was material to the determination of disability. Nor was there any requirement to do so. 20 C.F.R. § 416.214 simply does not apply. There was no error.

IV. **THE ALJ'S HYPOTHETICALS TO THE VE WERE PROPER**

The ALJ assessed Plaintiff with a sedentary RFC with limitations. (AR 33-34.) At step five of the sequential process, the ALJ, relying on VE expert Langford-Hetrick, determined that there were jobs in the national economy that Plaintiff could perform, including order clerk, telephone quotation clerk, and final assembler. (AR 43-44.) The ALJ did not stop there. The VE also testified that, even if Plaintiff's RFC were more restricted than supported by the record,

such that she could perform no more than simple, routine, and repetitive tasks with no fast pace production requirements, Plaintiff nonetheless would be able to perform other work in the national economy. (AR 44.) This would include the jobs of order clerk and telephone clerk, as described above and with no erosion of the occupational base, and charge account clerk. (AR 44.) The hypothetical the ALJ posed to the VE contained all of the RFC limitations the ALJ found credible and supported by substantial evidence. There was no requirement that the ALJ's hypothetical question include limitations unsubstantiated by objective medical evidence or based on subjective symptom allegations that were properly discounted. Thomas, 278 F.3d at 959-60; Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

Plaintiff contends that the ALJ's hypothetical question failed to include any consideration of the statements made by Plaintiff and her aunt Gloria Cardenaz regarding Plaintiff's constant fatigue. The ALJ discounted the subjective symptom allegations of both Plaintiff and her aunt because they are "simply not consistent with the preponderance of the opinions and observations of the medical doctors in this case." (AR 41.) These doctors all opined that Plaintiff could perform light or sedentary work. (AR 41-43.)

Plaintiff also contends that she is unable to drive to a job but provides no legal authority that the inability to drive has any bearing on whether she is disabled. Plaintiff cites to no case law or regulations to support her contention.

The ALJ's hypothetical question to the VE was proper and contained all the limitations supported by the record. There was no error.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: August 15, 2016

           */s/ John E. McDermott*
           JOHN E. MCDERMOTT
           UNITED STATES MAGISTRATE JUDGE